NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

ADLENE JOSEPH, *Petitioner/Appellant*,

*v.*

NIKOLA OBRADOVIC, *Respondent/Appellee*.

No. 1 CA-CV 25-0892 FC

FILED 07-22-2026

Appeal from the Superior Court in Maricopa County
No. FC2024-001412
The Honorable Melissa Zabor, Judge

**AFFIRMED**

COUNSEL

Bishop, Del Vecchio & Beeks Law Office, P.C., Phoenix
By Daniel P. Beeks
*Counsel for Petitioner/Appellant*

Nikola Obradovic, Mesa
*Respondent/Appellee*

---

## MEMORANDUM DECISION

Presiding Judge Andrew J. Becke delivered the decision of the Court, in which Judge James B. Morse Jr. and Judge Samuel A. Thumma joined.

---

**B E C K E**, Judge:

¶1 Adelene Joseph ("Mother") appeals from the superior court's dissolution decree ending her marriage to Nikola Obradovic ("Father") and the court's denial of her motions to alter or amend and for clarification. Specifically, Mother takes issue with the court's award of spousal maintenance and child support to Father. For the following reasons, we affirm.

### FACTUAL AND PROCEDURAL HISTORY

¶2 Mother and Father were married in 2020 and share one minor child. Mother petitioned for divorce in March 2024. The superior court entered temporary orders in August 2024, awarding Mother and Father joint legal decision-making authority and ordering Mother to pay $395 per month in child support and pay Father $1,500 per month in spousal maintenance.

¶3 The parties entered into an Arizona Rule of Family Law Procedure ("Rule") 69 agreement resolving some financial issues, which was later approved by the court. The case proceeded to trial in June 2025 on the remaining issues.

¶4 At trial, Mother and Father testified and several exhibits from each party were admitted into evidence. In August 2025, the court entered the decree of dissolution. As relevant here, the court found Father was eligible for spousal maintenance and awarded him $1,900 per month for 24 months.[1] Mother was awarded the marital home as her sole and separate property and $316 per month in child support. Based on the division of property and debt, the court ordered Mother pay Father an equalization payment of $37,251.60. Finally, the court denied both parties' requests for attorneys' fees.

---

[1] The decree erroneously stated 24 years, but as discussed *infra* ¶¶ 5, 27 the superior court later corrected that clerical error.

¶5 Both parties filed motions for clarification. Father also filed a motion for reconsideration, and Mother filed a motion to alter or amend. The court resolved all of the motions in a single order. The court found it had used an incorrect insurance payment to calculate child support; determined that Father, not Mother, was entitled to child support; and required Mother to pay $109 per month in child support. In addition, the court found it had incorrectly assigned uninsured medical costs and ordered Mother pay 59% of those costs and Father pay 41% of those costs. The court also corrected the duration of spousal maintenance from 24 years to 24 months, stating it "erred in selecting the 'years' button rather than the 'months' button in issuing" the order. The court denied all other relief.

¶6 Mother timely appealed. We have jurisdiction under Article 6, Section 9 of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1) and -2101(A)(2).

## DISCUSSION

### I. The Superior Court Did Not Abuse Its Discretion in Awarding Father Spousal Maintenance.

¶7 Mother argues the superior court erred in finding Father was eligible for spousal maintenance under A.R.S. § 25-319(A). Mother also takes issue with the amount and duration of the spousal maintenance award. We review a superior court's spousal maintenance award for an abuse of discretion, and will affirm if supported by reasonable evidence. *Gutierrez v. Gutierrez*, 193 Ariz. 343, 348, ¶ 14 (App. 1998).

*A. Eligibility determination*

¶8 Mother contends the court's findings under A.R.S. § 25-319(A)(1) were erroneous because it did not consider the equalization payment to Father in the decree. Mother also takes issue with the court's finding under A.R.S. § 25-319(A)(2) that Father was unable to be self-sufficient when Father's monthly income was $16,000 and his monthly reasonable expenses were only $4,800.

¶9 When considering a request for spousal maintenance, the court must first determine whether the requesting spouse is eligible for any award. *In re Marriage of Cotter*, 245 Ariz. 82, 85, ¶ 7 (App. 2018); *see* A.R.S. § 25-319(A). Eligibility for maintenance is established if the requesting spouse shows that he or she meets one of the following conditions:

1. Lacks sufficient property, including property apportioned to the spouse, to provide for that spouse's reasonable needs.

2. Lacks earning ability in the labor market that is adequate to be self-sufficient.

3. Is the parent of a child whose age or condition is such that the parent should not be required to seek employment outside the home.

4. Has made a significant financial or other contribution to the education, training, vocational skills, career or earning ability of the other spouse or has significantly reduced that spouse's income or career opportunities for the benefit of the other spouse.

5. Had a marriage of long duration and is of an age that may preclude the possibility of gaining employment adequate to be self-sufficient.

A.R.S. § 25-319(A)(1)-(5).

¶10        As applied here, the superior court considered these inquiries and determined Father was eligible because he: (1) lacked sufficient property as he left the marital home with a mattress and a chair and was unable to meet his monthly expenses without working two full-time jobs, and (2) was unable to be self-sufficient without working two full-time jobs and was limited by both employment options in the tech industry in Arizona and his immigration status.

¶11        We defer to the superior court's assessment of witness credibility and do not reweigh the evidence. *Hurd v. Hurd*, 223 Ariz. 48, 52, ¶ 16 (App. 2009). Reasonable evidence supports the court's finding that Father lacked sufficient property to provide for his reasonable needs.

¶12        "[S]ufficient property is of such value that the spouse would be unlikely to exhaust it in his or her lifetime." *Cotter*, 245 Ariz. at 85–86, ¶ 9. And while it is true the superior court must consider "property apportioned to the spouse" (i.e. the $37,251.60 equalization payment by Mother to Father), the record does not support Mother's contention that the court disregarded that payment. The court's ruling on the equalization payment is set forth in the decree that analyzed Father's eligibility for maintenance. And "[t]here is no requirement that specific findings be made in the decree with regard to A.R.S. § 25-319." *Higgins v. Higgins*, 154 Ariz.

87, 88 (App. 1987); *accord Cotter*, 245 Ariz. at 87, ¶ 12. We may assume the superior court employed the correct reasoning if the record would support its ultimate conclusion, as it does here. *Cotter*, 245 Ariz. at 87, ¶ 12.

¶13 Even with the $37,251.60 equalization payment, the record supports the conclusion that Father's property was not sufficient to support him. Father testified he lives in a studio apartment and has $11,000 in credit card debt. He also testified that when he left the marital home, he took only a mattress and a chair, and has since purchased a single bed for the child. Mother fails to show the superior court abused its discretion in finding Father eligible for spousal maintenance under A.R.S. § 25-319(A)(1). Given that conclusion, we need not address Mother's argument that the superior court erred in finding Father eligible for spousal maintenance under A.R.S. § 25-319(A)(2).

### B. *Amount and duration*

¶14 Mother contends the amount and duration of the spousal maintenance award should be vacated and recalculated.

¶15 Once the court finds the requesting spouse eligible for spousal maintenance, it then determines the amount and duration of the award. A.R.S. § 25-319(B); *Cotter*, 245 Ariz. at 85, ¶ 7. It may award spousal maintenance pursuant to Arizona's Spousal Maintenance Guidelines ("Guidelines") "only for a period of time and in an amount necessary to enable the receiving spouse to become self-sufficient." A.R.S. § 25-319(B).

¶16 When calculating spousal maintenance, the court determines the parties' "Actual Income," identifies expenditures, and calculates a spousal maintenance award range. *See* A.R.S. § 25-319 app. Guidelines § I.D. (2023). After considering and balancing all relevant statutory factors, the court can award an amount within the amount range or, upon making additional findings of fact and conclusions of law, deviate from the range. *See Rainwater v. Rainwater*, 177 Ariz. 500, 502 (App. 1993) ("[T]he trial court need not apply every factor listed . . . some factors will not apply."); Guidelines § I.D. (2023).

¶17 Mother argues the superior court should have considered Father's income from both of his jobs as his "Actual Income" when applying the Guidelines. The court found, and the record supports, Father worked two jobs at the time of trial, making $90,000 at one job and $75,400 at his second job. But the court also found Father did not work two jobs during the marriage, and so both incomes would not be included in his "Actual Income" for spousal maintenance purposes. Instead, the court determined

Father's "Actual Income" to be $90,000 per year, or $7,500 per month, based on the higher-paying of his two jobs.

¶18    Father began working the second job in December 2023, three months before Mother filed her petition for dissolution. Mother argues it was therefore "regularly earned by the marital community." We disagree. Although Section III.A.3 of the Guidelines instructs the court to "include overtime or extraordinary work regimen income regularly earned by the marital community," the superior court did not abuse its discretion by failing to include the income from the second job.

¶19    Father testified that he began working the second job *after his separation from Mother* in order to afford his studio apartment, and pay his credit card debt, and various other bills after departure from the marital home. On these facts, Mother has not shown that the court abused its discretion in determining Father's second job did not constitute income "regularly earned by the marital community."

¶20    Mother claims the superior court used "Attributed Income" instead of "Actual Income" because its order states "Per the Spousal Maintenance Guidelines, Father shall not be attributed to earn both incomes." Mother provides no support for her assertion other than the court's use of the word "attributed" in its order. The spousal maintenance worksheet clearly shows that the court did not find any "Attributed Income." It only found Father's "Actual Income" to total $90,000 per year or $7,500 per month. Mother fails to show error.

¶21    Finally, Mother argues the duration of spousal maintenance—24 months—exceeds the time Father needs to become self-sufficient because his reasonable expenses are $4,800 per month and he earns $16,000 per month. However, as discussed *supra* ¶¶ 18–20, the superior court did not abuse its discretion in finding Father's "Actual Income" for spousal maintenance was $7,500 per month.

¶22    The superior court also has "substantial discretion" to choose the duration of spousal maintenance. *Rainwater*, 177 Ariz. at 502. Here, the court chose a duration within the standard range for a marriage lasting four years—between six to 36 months of spousal maintenance. *See* Guidelines § V.B.2 (2023). The court found 24 months sufficient after weighing and considering the following relevant factors:

    1. The standard of living established during the marriage;

    2. The marriage length;

3. The age, employment history, earning ability, and physical and emotional condition of the spouse seeking maintenance;

4. The ability of the spouse from whom maintenance is sought to meet that spouse's needs while meeting those of the spouse seeking maintenance;

5. The spouse's comparative financial resources, including their comparative earning abilities in the labor market;

. . .

9. The financial resources of the party seeking maintenance, including marital property apportioned to that spouse, and that spouse's ability to meet that spouse's own needs independently.

Guidelines § V.C. (2023).

**¶23**        The court found: (1) "the parties were upper middle class during the marriage, earning approximately $280,000 a year," (2) the marriage lasted about four years, (3) "Father [was] young, healthy, and able to work, (4) Mother could "meet Father's financial needs," (5) Mother made "significantly more than Father and [would] continue to do so," and (9) "Father's financial resources [were] minimal." The record supports these findings.

**¶24**        Mother fails to show the superior court abused its discretion in awarding Father $1,900 per month in spousal maintenance for 24 months.

## II.    The Superior Court Applied the Correct Arizona Spousal Maintenance Guidelines.

**¶25**        Mother argues the superior court was required to recalculate spousal maintenance under the 2025 Guidelines when it issued a minute entry denying the parties post-trial motions and "modifying" the spousal maintenance award.

**¶26**        Our supreme court issued an administrative order in May 2025 mandating statewide use of the 2025 Guidelines for "all spousal maintenance orders, whether original orders or modification of previous orders, entered on or after September 1, 2025. . . ." Administrative Order 2025-101. Here, the superior court entered the decree August 8, 2025, before the effective date of the 2025 Guidelines.

¶27 The minute entry filed October 7, 2025 was neither an original order nor a modification of a previous spousal maintenance order. The court ruled on the parties' numerous post-trial motions and denied all affirmative relief sought concerning spousal maintenance, except to correct an error so that spousal maintenance was awarded for 24 *months*, not 24 *years*. This correction is not sufficient to require recalculation under the 2025 Guidelines.

¶28 Furthermore, neither party filed a modification petition as required by A.R.S. § 25-327(A), nor did the superior court make any of the relevant findings for a spousal maintenance award under A.R.S. § 25-319(B) in the October 7, 2025 order. The August 2025 decree is the operative spousal maintenance award because it includes the findings that would be relevant to any future modification petition. Mother has shown no error.

## III. The Superior Court Did Not Abuse Its Discretion in Calculating Child Support.

¶29 Mother finally argues that because the spousal maintenance award was error, the child support order should be vacated and recalculated. However, because we affirm the spousal maintenance award, we need not order a recalculation of child support. In the alternative, Mother argues the superior court abused its discretion in not considering both of Father's incomes when calculating child support. We review a superior court's child support award for an abuse of discretion. *Cummings v. Cummings*, 182 Ariz. 383, 385 (App. 1994).

¶30 Mother cites to a memorandum decision, *In re Beasterfield v. Del Bosque*, 1 CA-CV 25-0046 FC, 2025 WL 3720254 (Ariz. App. Dec. 23, 2025) (mem. decision), for the proposition that a superior court abuses its discretion when it fails to consider income actually earned by a parent. There, we vacated a child support order and remanded to reconsider the award based on mother's actual income. *Beasterfield*, 1 CA-CV 25-0046 FC, at *5, ¶ 33.

¶31 *Beasterfield* is not controlling, merely persuasive. *See* Ariz. R. Sup. Ct. 111(c)(1)(C). And even if it were binding, it is distinguishable. The superior court in *Beasterfield* did not attribute *any* income to mother despite her having a seasonal, part-time job. 1 CA-CV 25-0046 FC, *2–3, ¶¶ 15–16. Here, the superior court attributed income to Father for his first full-time job, but it declined to attribute income from his second full-time job. The court was within its discretion to do so: "[t]he court generally *does not include* more income than earned through full-time employment." A.R.S. §

25-320 app. ("Child Support Guidelines") § II.A.3.a. Mother fails to show error.

## CONCLUSION

**¶32** We affirm. Both parties request their reasonable attorneys' fees on appeal pursuant to A.R.S. § 25-324. We decline their requests in our discretion. Father, as the successful party, is entitled to his taxable costs upon compliance with ARCAP 21. *See* A.R.S. § 12-341.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**: JR